FILED'09 JUN 19 11:42 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KIRBY BARKER, | ) | |
| | ) | Civil No. 07-1647-JO |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HARVEY LAPPIN, BOP Director, | ) | ORDER |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |

JONES, District Judge.

Currently before the court is defendants' Motion to Dismiss (#36) pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6).

In his Amended Complaint (#11), plaintiff alleges: (1) defendant Lappin violated the Administrative Procedures Act ("APA") in implementing the Ion Spectrometry Device Program through Program Statement ("PS") 5522.01 without complying with the APA's rule-making procedures; (2) defendant Thomas failed to implement the program in a way that serves the prison's legitimate

1 - ORDER

penological interests because staff are not subject to the screening; (3) defendants Thomas and Payne failed to properly train staff on the ion scan device; and (4) defendants violated his due process rights by failing to provide him with notice that one of his visitors had a positive scan and failed to give him an opportunity to challenge a visitor's positive scan. In his amended complaint, plaintiff sued the defendants in both their official and individual capacities. However, in a later brief, plaintiff asked the court to "strike all action in the Defendants' individual capacities in this suit." Plaintiff's Opposition to Defendants' Motion to Dismiss (#43), p. 2. Accordingly, the government asks the court to dismiss from the case all defendants in their personal capacity.

In addition, while the government acknowledges the court's jurisdiction to hear constitutional claims against federal officers in their official capacity for injunctive relief, and states that it will move for summary judgment on the constitutional allegations, it maintains its motion to dismiss with respect to plaintiff's APA claim and his allegations related to whether the ion scan program has been implemented in a way that serves a legitimate penological interest and whether defendants adequately trained staff on the device.

///
///

2 - ORDER

1. **APA Claim**

The parties disagree as to whether the Bureau of Prisons's ("BOP") implementation of PS 5522.10 was subject to the APA and its procedural requirements including public notice, opportunity for public comment, and publication in the Federal Register. 5 U.S.C. § 553(b),(c).

> The APA requires that rules promulgated by administrative agencies undergo certain procedures unless those rules are "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice." Courts have struggled with identifying the difference between "legislative rules" and "interpretive rules." Generally, agencies issue interpretive rules to clarify or explain existing law or regulations so as to advise the public of the agency's construction of the rules it administers. If a rule is inconsistent with or amends an existing legislative rule, then is cannot be interpretive. Such a rule would impose new rights or obligations by changing an existing law and must follow the applicable procedures of the APA.

Gunderson v. Hood, 268 F.3d 1149, 1153-54 (9th Cir. 2001)(footnotes omitted).

In support of his position that PS 5522.01 is a substantive rule subject to the APA's procedural requirements, plaintiff contends the Program Statement is contrary to or an unreasonable application of 28 C.F.R. §§ 511.10-511.18 because it places sweeping limitations on BOP discretion that are not self-evident in the governing statute and that purport to have binding legal effect on the BOP, inmates and visitors alike. Amended Complaint (#11), p. 8. Moreover, plaintiff argues the Program Statement is an unreasonable interpretation because the BOP has acknowledged the

3 - ORDER

ion scan devices have software problems and it has discontinued their use pending resolution of such problems.

The government contends PS 5522.01 established the procedure for using ion spectrometry devices to carry out the BOP's obligations to ensure the safety, security and orderly operations of BOP facilities and protect the public as set forth in 28 C.F.R. §§ 511.10-511.18. According to the government, "the regulations permit the BOP to search non-inmates and the belongings to prevent prohibited objects from entering a Bureau facility and to deny and/or terminate a non-inmates presence inside a BOP facility or on BOP grounds. [See 28 C.F.R. § 511.10.] Drugs are specifically identified as a a 'prohibited object.' [Id. at 511.12] * * * and Section 511.16 provides that [ ] searches may be conducted through electronic devices, including ion spectrometers." Reply (#44), p. 4.

Plaintiff maintains that the cited C.F.R.s do not apply here because they were revised to address ion spectrometry devices in June 2007, several months after the incident related to his visitors occurred. The government contends plaintiff's allegation is that P.S. 5522.01 is inconsistent with operative regulations and therefore the relevant regulations are those in place now, not a previous version. Moreover, the government asserts that the challenged Program Statement is not inconsistent with preceding regulations which permitted "[t]he Warden [to] require visitors

4 - ORDER

entering the institution from outside the secure perimeter to submit to search: (1) By electronic means (for example, walk-through and/or hand-held metal detector)." See 28 C.F.R. § 511.12(b)(1)(2006).

Under either the current or preceding regulations, the government's position is well taken. Program Statement 5522.01 is not inconsistent with nor does it amend an existing legislative rule so as to impose new rights or obligations by changing an existing law. Accordingly, PS 5522.01 is an interpretive rule and need not comport with the procedural requirements of the APA.

2. **Remaining Claims**

Plaintiff's assertions that the Ion Spectrometry Device Program has not been implemented in a way that serves a legitimate penological interest and that defendants did not sufficiently train staff in use of the device do not in of themselves constitute federal constitutional claims.

## CONCLUSION

Based on the foregoing, the government's Motion to Dismiss (#36) is GRANTED as follows: (1) all claims brought against defendants in their individual capacities are dismissed; (2) plaintiff's claim that defendant Lappin violated the APA by not complying with its rule making procedures in the implementation of PS 5522.01 is dismissed; and (3) plaintiff's claims asserting that the Ion Spectrometry Device Program has not been implemented in a

5 - ORDER

way that serves a legitimate penological interest and that defendants did not sufficiently train staff in use of the device are dismissed. In addition, plaintiff's Motion (#43) is GRANTED only to the extent that the stay on discovery is lifted. The parties have 60 days from the date of this Order to complete discovery and file pretrial dispositive motions.

IT IS SO ORDERED.

DATED this 19th day of June, 2009.

Robert E. Jones
United States District Judge

6 - ORDER